IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGE HERRMANN, et al.,

    Plaintiffs,

v.

GUTTERGUARD, INC., DIXIE
HOMECRAFTERS, INC., and All
Affiliated Companies

    Defendants.

CIVIL ACTION NO.

1:04-CV-0365-JEC

## ORDER

The Court has, this date, issued its Final Order[1] directing that plaintiffs' original counsel, Mr. William F. Kaspers, be disqualified

---

[1] On September 30, 2005, this Court issued a preliminary Order disqualifying Mr. Kaspers from representing the plaintiffs in this case. Prior to the issuance of the Order, the Court was aware that Mr. Kaspers had expressed an interest in an interlocutory appeal, should the Court disqualify him. The Court did not certify its ruling for an interlocutory appeal at that time, however, because it wanted to ascertain the wishes of plaintiffs on this matter. As that determination could not be immediately made, the Court indicated that it would reissue its order, as a final order, once the Court had decided whether it would be in the best interest of the plaintiffs to allow such an appeal. The Court met with new counsel for plaintiffs and with counsel for the defendants on October 25, 2005. Moreover, the plaintiffs have recently confirmed, through a letter from their counsel, dated November 29, 2005, that plaintiffs "believe that Mr. Kaspers should be allowed to proceed with his appeal so that issue can be resolved, and the lingering uncertainty removed, as quickly as possible."

Accordingly, the Court, this date, has reissued the Order of September 30, 2005 as a Final Order, and has now certified the ruling for interlocutory appeal.

from the case. The case is now before the Court for consideration of whether to certify its ruling for an interlocutory appeal before the Eleventh Circuit.

Since the Court's preliminary ruling, on September 30, 2005, it has become increasingly apparent that this case is not going to make any significant progress until the status of Mr. Kaspers' representation has been determined by the United States Court of Appeals for the Eleventh Circuit. In their meeting before this Court on October 25, 2005, both counsel for the defendants and newly-retained counsel for plaintiffs expressed a belief that the case before the Court is one in which a settlement might well be reachable between the parties. Indeed, as counsel indicated, the amount of "overtime" worked by the plaintiffs, in this Fair Labor Standards Act case, is a matter on which the parties should be able to come to an agreement or, at least, to compromise. The merits of plaintiffs' claim--that is, whether or not the Motor Carrier Act operates to relieve defendants of their duty to otherwise pay overtime compensation under the Fair Labor Standards Act--is likewise a matter that the parties can consider in evaluating the strength of their respective negotiating postures. Moreover, other unrepresented employees of the defendants have entered into settlement agreements with the defendants, under the auspices of the Department of Labor. The plaintiffs in this case have seen their case greatly delayed as

a result of the protracted litigation concerning defendants' motion to disqualify Mr. Kaspers. Plaintiffs are understandably frustrated that litigation on the merits of their case has been necessarily delayed while the Court was forced to deal with the litigation concerning the motion to disqualify their original counsel. In short, it would be advantageous for both sides to explore the possibility of a settlement.

Yet, even though the present time is an opportune one for the parties to confer regarding settlement, the uncertainty of Mr. Kaspers' status has thus far created an obstacle to any such conversations. Specifically, as noted in the Court's Order of September 30, 2005, Mr. Kaspers' retainer agreement arguably gives Mr. Kaspers an effective veto over any settlement because it could be read to provide that Kaspers should receive compensation for attorney's fees that he has incurred, in the event that the plaintiffs reach a settlement without Kaspers' consent. Granted, it is uncertain whether Mr. Kaspers could enforce that clause, as he has been disqualified from the case by a Court Order and as plaintiffs have done nothing to cause him to be removed from the case. Nevertheless, given the fact that Mr. Kaspers claims that he has incurred hundreds of thousands of dollars in fees prior to this

3

Court's Order disqualifying him[2] and given the possibility that Kaspers could sue the plaintiffs for these fees, plaintiffs are unable to enter into settlement negotiations with any firm notion of the extent of their attorney's fees. With this uncertainty, settlement negotiations are problematic.

28 U.S.C. § 1292(b) provides that a district judge may certify an appeal of an otherwise unappealable order when she concludes that (1) such order involves a controlling question of law as to which there is substantial ground for difference of opinion and (2) an immediate appeal may materially advance the ultimate termination of the litigation. As to the second prong of the test, it is clear that an immediate appeal will materially advance the ultimate termination of the litigation. While Mr. Kaspers' status is uncertain, there is little likelihood of a settlement, because, as noted, the plaintiffs are uncertain how much of their award will have to be shared with Mr. Kaspers. With no likelihood of settlement, the parties will be forced to proceed, full-bore, with litigation, for no other reason than to reach the end of the process, so that they may then find out whether or not Mr. Kaspers should have been disqualified.

A decision by the Eleventh Circuit on an interlocutory appeal,

---

[2] As the Court noted in its Order of September 30, 2005, the Court is uncertain how Kaspers could have incurred such fees in a case in which discovery has not even yet begun. Yet, the Court, and the plaintiffs, must assume that Kaspers might claim such fees.

4

however, should greatly clarify the situation. If the Eleventh Circuit decides that Mr. Kaspers should not have been disqualified, the case will proceed. If the Eleventh Circuit decides that this Court correctly disqualified Mr. Kaspers, this answer will assist the plaintiffs in calculating their exposure to Mr. Kaspers for attorneys' fees earned prior to his disqualification.[3] In short, an immediate appeal will materially advance the ultimate termination of the litigation.

As to the first prong--whether this Court's Order involves a controlling question of law as to which there is substantial ground for difference of opinion--it is often difficult for a court to conclude that its own Order is grounded in reasoning on which there might be a substantial ground for a difference of opinion. Obviously, this Court gave this matter a great deal of thought and review and believes that it reached the correct conclusion. Nevertheless, given the dearth of cases interpreting the standards applied by this Court in deciding whether to disqualify Mr. Kaspers, it is uncertain what conclusion an appellate court might reach.

For the above reasons, the Court concludes that the requirements set out by § 1292(b) have been met and it **CERTIFIES** this case for an

---

[3] The Court repeats its uncertainty that any fees would be appropriate in a case in which an attorney has been disqualified. Nevertheless, the matter has not been briefed and any answer to his question is unknown at this writing.

5

interlocutory appeal.[4]

SO ORDERED, this 21 day of December, 2005.

*Julie Carnes*
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

---

[4] Mr. Kaspers will still need to file an interlocutory appeal, within ten days. See 28 U.S.C. § 1292(b).